FILED
2020 Dec-21  AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| KENDELL HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| SCHNELLECKE LOGISTICS | ) | |
| ALABAMA, LLC, | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT

## I. JURISDICTION

1.   This is a suit for relief from gender discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII").  The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).  This Court has jurisdiction over state common law claims pursuant to pendent jurisdiction.

2.  Plaintiff Kendell Holt ("Plaintiff") timely filed his charge of discrimination against defendant Schnellecke Logistics Alabama, LLC ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment.  Plaintiff has further filed this complaint within 90 days after receipt of his right-to-sue letter.

## II. <u>PARTIES</u>

3.   Plaintiff is a citizen over the age of nineteen and a resident of Jefferson County, Alabama.

4.  Defendant is limited liability company located in Tuscaloosa, Alabama and was so during all times pertinent to this complaint.

5.  Defendant is and was during the events alleged in this case an employer as that term is contemplated under Title VII.

## III. <u>FACTS</u>

6.  Plaintiff is male.

7.  In or about September of 2015, Plaintiff became employed by Defendant.

8.   Defendant provided services for Mercedes-Benz at its plant in Vance, Alabama, and Plaintiff worked for Defendant there.

9.  Plaintiff's last position was Expedite Team Lead.

10.  In or about July of 2019, Plaintiff was moved to third shift.

11.  In or about September of 2019, Plaintiff began to be subjected to sexual harassment by Shacreea Gibson, a female employee who worked in safety on third shift.

12.  Gibson would stick her buttocks out at Plaintiff, make sexual comments to him, ask him about his sex life with his wife and make crude comments about it, talk about having sex with him, and offer to have sex with him.

13.  Gibson did these things every shift.

14.  Whitney Cherry was the third shift Human Resources Generalist.

14.  Beginning in or about late October or early November of 2019, Plaintiff complained to Cherry several times about Gibson's sexual harassment.

15.  Cherry also witnessed several of Gibson's comments.

16.  Cherry said that she would tell Brandy Snipes, Defendant's Human Resources Manager at the plant, about the sexual harassment,

17.  Cherry subsequently confirmed to Plaintiff that she had told Snipes about the harassment.

18.  The last occasion Plaintiff complained to Cherry about the sexual harassment was on or about November 18, 2019.

19.  On or about November 22, 2019, Sheila Harvey, a first shift Human Resources employee at the plant, told Plaintiff that he was terminated for harassment.

20.  Plaintiff asked her what it was about, and she said "You know, about the situation with that girl."

21.  Plaintiff had not harassed anyone.

3

22.  Plaintiff told Harvey this and that he had proof to back it up.

23.  Harvey told Plaintiff to come back in on the following Monday, the 25th.

24.  On or about November 25, 2019, Plaintiff went to work with his wife and they spoke to Harvey.

25.  Harvey told Plaintiff that he was suspended and would get a chance to bring Cherry in and tell his side of the story.

26.  Harvey went and got Snipes.

27.  Snipes came and was very rude.

28.  Snipes told Plaintiff and his wife to leave.

29.  That same day, Plaintiff called Gabriele Weber, Defendant's Regional Human Resources Director.

30.  Weber got Snipes and Harvey on the phone with her.

31.  Weber said that Plaintiff was terminated for posting photos from inside the warehouse on social media.

32.  This was false and Plaintiff said so.

33.  Plaintiff also said that many employees had done this and nothing was done to them.

34.  Plaintiff told Weber that there was a lot more to the story of why he was being terminated.

35. Plaintiff had recordings and text messages corroborating Gibson's sexual harassment and his complaints to Cherry.

36. Plaintiff asked for an opportunity to get this together and present it.

37. Weber asked Plaintiff to text it to her, and Plaintiff told her that it was too much to text or email.

38. Weber said that she would set up a meeting with Plaintiff after the Thanksgiving holiday and that he could present what he had then.

39. Weber further said that she would be in touch with Plaintiff after the Thanksgiving holiday to let him know when they would meet.

40. Weber never contacted Plaintiff.

41. Plaintiff called her and left a message, but she never called him back.

42. Not only was Plaintiff terminated, Defendant also had him banned from working at the Mercedes-Benz plant.

43. Consequently, Plaintiff cannot work for Mercedes-Benz or any of its suppliers at its plant.

## IV. CAUSES OF ACTION

### COUNT I

### TITLE VII- SEXUAL HARASSMENT

44. Paragraphs 1-43 above are incorporated by reference.

45.  Defendant violated Plaintiff's rights under Title VII by subjecting him to sexual harassment that constituted a hostile environment and/or culminated in an adverse employment action.

46.  As a result of the above described discriminatory act, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award Plaintiff post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

### TITLE VII- TERMINATION

47.  Paragraphs 1-43 above are incorporated by reference.

48.   Defendant violated Plaintiff's rights under Title VII by terminating his employment because of his gender and/or in retaliation for his reporting sexual harassment.

49.  As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by providing back-pay, reinstatement and placement into the position he would have

occupied in the absence of discrimination (or, alternatively, front-pay), and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT III

## TITLE VII- BAN FROM MERCEDES

50.  Paragraphs 1-43 above are incorporated by reference.

51.  Defendant violated Plaintiff's rights under Title VII by causing him to be banned from working the Mercedes-Benz plant because of his gender and/or in retaliation for his reporting sexual harassment.

52.  As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i)  That the Court enter an Order declaring that Defendant's acts as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by providing back-pay, providing front-pay, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT IV

## STATE COMMON LAW- WANTON SUPERVISION

53. Paragraphs 1-43 above are incorporated by reference.

54. Defendant wantonly supervised Gibson as set forth above because it failed to take steps to stop her from sexually harassing Plaintiff after Defendant was aware of facts placing it on notice that she would likely or probably sexually harass Plaintiff or other male employees.

55. As a result of the wanton supervision, Plaintiff has suffered damages including emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff requests that a judgment be entered against Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact, and that Defendant be required to pay Plaintiff's costs in this action.

## COUNT V

## STATE COMMON LAW- NEGLIGENT SUPERVISION

56. Paragraphs 1-43 above are incorporated by reference.

57. Defendant negligently supervised Gibson as set forth above because it failed to take steps to stop her from sexually harassing Plaintiff after it was aware of facts placing it on notice that she had previously sexually harassed Plaintiff.

58.  As a result of the negligent supervision, Plaintiff has suffered damages including emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff requests that a judgment be entered against Defendant for compensatory damages in an amount to be determined by the trier of fact, and that Defendant be required to pay Plaintiff's costs in this action.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

Defendant's Address:
Schnellecke Logistics Alabama, LLC
c/o National Registered Agents, Inc.
2 North Jackson St., Suite 605
Montgomery, AL 36104